UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KENNETH L.,

Plaintiff,[1]

v.

FRANK BISIGNANO, Commissioner of Social Security,[2]

Defendant.

Case No.: 22-cv-0153-DEB

**ORDER GRANTING IN PART COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**

**[DKT. NO. 26]**

Before the Court is Counsel's renewed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 26 ("Motion"). Plaintiff opposes the Motion (Dkt. No. 27).[3]

For the reasons discussed below, the Court **GRANTS IN PART** the Motion.

//

//

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

[2] Frank Bisignano is substituted for Kilolo Kijikazi pursuant to Fed. R. Civ. P. 25(d).

[3] The Commissioner took no position on the first Motion for Attorney's Fees, which is nearly identical to this renewed motion. Dkt. No. 18 at 3.

## I. BACKGROUND

Plaintiff Kenneth L. filed this action seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits. Dkt. No. 1 (Compl.). Upon the parties' joint request (Dkt. No. 11), the Court remanded for further proceedings (Dkt. No. 12). Pursuant to the parties' joint motion (Dkt. No. 13), the Court awarded Plaintiff $7,500.00 in attorney's fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 14.

On remand, the Commissioner issued a decision favorable to Plaintiff and awarded $174,036.00 in past-due disability insurance benefits. Dkt. No. 26-1 at 3. The Commissioner withheld $43,509.00 from the past-due benefits for Plaintiff's counsel to request a fee award from this court. *Id*. at 4. Plaintiff's counsel, Martha Yancey, filed a Motion for Attorney Fees (Dkt. No. 15), which the Court denied without prejudice because Yancy failed to authenticate the fees incurred by declaration. Dkt. No. 24. The Court also struck Plaintiff's opposition, which was signed by a non-attorney. *Id.* Yancy now renews her request. Dkt. No. 26.

## II. LEGAL STANDARD

Under 42 U.S.C. § 406(b), "a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

When determining a reasonable fee, district courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Courts must consider "whether the amount need be reduced, not whether

the [lodestar] amount should be enhanced." *Id.* at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. The court may additionally consider whether the agreement reflects "fraud", "overreaching", and falls within statutory limits governing Social Security fees. *Id.* at 1151–52. "[A]n EAJA award offsets an award under Section 406(b)" and must be "refund[ed] to the claimant . . . ." *Gisbrecht*, 535 U.S. at 796; *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (Congress' intention was "to prevent attorneys from receiving double recovery under both the EAJA and § 406(b).").

## I. DISCUSSION

Yancy seeks $43,509.00 in attorney's fees under § 406(b), representing 25% of Plaintiff's $174,036.00 past-due benefits award. Yancy spent 45.4 hours representing Plaintiff before this Court, resulting in an effective hourly rate of $958.34. Dkt. No. 26 at 1. Yancy previously received $7,500.00 in EAJA fees and represents that she will refund those fees to Plaintiff upon receiving any § 406(b) payment. *Id.* at 6.

Plaintiff and Yancy entered into a contingency fee agreement where Yancy receives 25% of Plaintiff's past-due benefits. Dkt. No. 26-2 (fee contract). "Such contracts are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. The fee award counsel now seeks ($174,036 x .25 = $43,509) is consistent with the fee agreement. Dkt. No. 26 at 1, 26-2 at 1–2.

Plaintiff opposes the requested award. Dkt. No. 27. Plaintiff argues Yancy's fee agreement is illegal, unenforceable, and unconscionable because it allows Yancy to recover more than the 25% statutory cap. *Id.* at 2. Plaintiff also contends that the requested fee is disproportionate to Yancy's work in this case because the past-due benefits upon which the contingency fee is calculated include time attributable to former counsel's delays and ineffective handling of the administrative proceedings. *Id.* at 4-6.

Plaintiff is correct that the fee agreement contains an illegal provision. The fee agreement states: "[i]f the court awards an attorney fee out of [the client's] past-due benefits and also awards an EAJA fee for that same work, [Plaintiff] **will not** be refunded or credited with the amount of the smaller fee." Dkt. No. 26-2 at 2 (emphasis added). Under § 406(b), however, counsel's contingent fee is limited to a reasonable amount not exceeding 25 percent of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). And where counsel receives fees for the same work under both § 406(b) and the Equal Access to Justice Act ("EAJA"), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796.

Yancy admits her fee agreement violates § 406(b), and she explained in her first fee motion that this was a typographical error that she has since revised in her Contingent Fee Agreement template. *See* Dkt. No. 23 at 3 n.3. Regarding Plaintiff here, Yancy represents she will refund Plaintiff the $7,500.00 EAJA award upon receipt of a § 406(b) payment. Dkt. No. 26 at 6.

The Court is troubled by Yancy's illegal fee agreement.[4] It demonstrates, at a minimum, a lack of experience and familiarity with the Social Security statutory framework. The Court does not accept Yancy's more benign explanation that this was a "typographical error" in her template (and therefore appearing in multiple fee agreements without Yancy noticing). Dkt. No. 23 at 3. The Court, therefore, finds Yancy's illegal fee agreement warrants a reduction in the effective $958.34 hourly rate she seeks in this Motion. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1272 (9th Cir. 2017) ("a court

[4] Under 42 U.S.C. § 406(a)(5), "who[ever] shall knowingly charge or collect directly or indirectly any fee in excess of the maximum fee, or make any agreement directly or indirectly to charge or collect any fee in excess of the maximum fee, prescribed by the Commissioner of Social Security shall be deemed guilty of a misdemeanor . . . ." 42 U.S.C. § 406(a)(5); *see also Gisbrecht*, 535 U.S. at 796 ("Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense.").

should not enforce a contract if its central purpose is 'tainted with illegality,' but should enforce the contract if 'the illegality is collateral to the main purpose of the contract' and the illegal provisions 'can be extirpated from the contract by means of severance or restriction.'") (citation omitted); *accord* Cal. Civ. Code § 1643 ("A contract must receive such an interpretation as will make it lawful, . . . reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties.").

The Court also finds a reduction is separately (but not additionally) warranted by the procedural history of this case. Yancy filed a complaint and a motion resulting in a stipulated remand. Dkt. Nos. 1, 10–12. Although Yancy accepted the risk that no benefits would ultimately be awarded, the litigation did not involve contested merits briefing, oral argument, or a court decision on the merits. *See Dina S. v. Bisignano*, 822 F. Supp. 3d 1126, 1131 (D. Nev. 2026) ("courts frequently balk at attorney requests to be awarded § 406(b) fees at or near the 25% maximum" "in the context of cases involving stipulated remands"); *Worden v. Kijakazi*, Case No. 5:20-cv-01874-KES, 2022 WL 2132949, at *3 (C.D. Cal. Mar. 31, 2022) (reducing fee award to 15% of past-due benefits to reflect the complexity of the case where parties stipulated to remand); *Caldwell v. Comm'r of Soc. Sec.*, No. 3:10-cv-06039-ST, 2012 WL 1684606, at *2-3 (D. Or. May 14, 2012) (reducing fee amount from 22% to 14% where "issues in this case were straight-forward, and counsel . . . presented no evidence that this matter was particularly risky or complex."). And the Court further notes that Plaintiff prevailed on remand without further representation by Yancy.

Yancy's illegal and overreaching fee agreement and the relative lack of complexity of this case justify a 15% contingency fee and a total fee award of $26,105.45 (an effective hourly rate of $575.01).

The Court rejects Plaintiff's argument that it should further reduce the fee award because of the "dilatory and ineffective work of prior counsel which resulted in the accrual of backpay for over five years that Counsel wants to take 25% of without legal justification." Dkt. No. 27 at 1–3 (also arguing "[c]ounsel is only entitled to the ratio of the

period when the case was before the district court”). Any delay in the administrative proceedings and/or ineffectiveness of a different attorney does not justify reducing the fee award to the successful attorney. *See Parrish v. Comm’r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (“the § 406(b) award must compensate the claimant’s attorney for all the work that led to the favorable result. This would include work on a prior appeal that did not result in the award of past-due benefits, because an attorney who secures a remand for a claimant plays an important role in achieving the ultimate award, regardless whether a different attorney represented the claimant during subsequent remands.”). The Court finds the 45.4 hours Yancy spent on the case is reasonable.

Based on the above, the Court awards Yancy $26,105.45 in attorney fees. Yancy must refund the **$7,500** amount previously received pursuant to the EAJA to Plaintiff.

## II. CONCLUSION

For the above reasons, the Court **GRANTS IN PART** Yancy’s Motion for Attorney’s Fees Pursuant to § 406(b) (Dkt. No. 26) in the amount of **$**26,105.45.

The Commissioner is **DIRECTED** to certify payment of a $26,105.45 fee award, made payable to Yancey Law, PC and delivered to Martha Yancey, out of Plaintiff’s past-due benefits in accordance with agency policy.

The Commissioner is **DIRECTED** to return any remaining funds to Plaintiff.

The Court further **ORDERS** Yancy to refund Plaintiff **$7,500** to offset the EAJA fees previously awarded within ten business days of receiving the Commissioner’s fee payment.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Honorable Daniel E. Butcher
United States Magistrate Judge